**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| GILBERT P. HYATT et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>U.S. PATENT & TRADEMARK OFFICE et al.,<br><br>       Defendants. | 2:16-cv-01490-RCJ-PAL<br><br>**ORDER** |

This case arises out of the reopening of prosecution of certain patent applications before the U.S. Patent and Trademark Office ("USPTO"). Pending before the Court are cross motions for summary judgment.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs Gilbert Hyatt and the American Association for Equitable Treatment[1] have sued the USPTO and Director Michelle Lee in this Court. The Complaint lists five causes of action arising out of the alleged unlawfulness of section 1207.04 of the Manual of Patent Examining Procedure ("MPEP"), under which an examiner may "reopen prosecution to enter a new ground of rejection in response to [an appeal to the Patent Trial and Appeal Board]." MPEP § 1207.04. Plaintiffs allege that § 1207.04 enables the USPTO to repeatedly reopen prosecution

---

1 Hyatt founded this entity in 2016.

of finally rejected claims upon appeal, thereby frustrating appellate review by the Patent Trial and Appeals Board ("PTAB") and ultimately the federal courts.  Plaintiffs claim in five related causes of action that § 1207.04 is unlawful under the APA and/or the Patent Act or that at a minimum Defendants' actions in this case violate the APA.  The parties have filed cross motions for summary judgment.

## II.  DISCUSSION

Defendants note that Hyatt currently has approximately 400 patent applications pending, with a total of over 115,000 claims, all filed in or before 1995, and that Hyatt has filed so many amendments to his interrelated claims that the USPTO has 14 patent examiners dedicated full time to examining his applications.  Defendants argue that the 2013 decision to reopen prosecution of 80 of his approximately 400 applications was made in order to ensure consistent treatment between the many interrelated applications, not to frustrate appellate review.  Defendants ask the Court to grant summary judgment alternatively based on: (1) lack of subject matter jurisdiction; (2) claim preclusion; (3) the statute of limitations; and (4) the merits.

Hyatt previously sued Defendants in this District in 2014, complaining of the delay in appellate review as to the same 80 applications at issue here ("the Previous Action"). (*See* Compl., ECF No. 1 in Case No. 2:14-cv-311).  Judge George transferred the Previous Action to the Eastern District of Virginia, which shared exclusive jurisdiction with the Court of Appeals. (*See* Order, ECF No. 29 in Case No. 2:14-cv-311).  That court granted summary judgment to Defendants on the merits. *See Hyatt v. USPTO*, 146 F. Supp. 3d 771, 787 (E.D. Va. 2015). Plaintiff did not appeal.  Although the Complaint in the Previous Action did not specifically refer to the reopening of Hyatt's applications under MPEP § 1207.04, but only to the delay in

prosecution and appeal generally, when granting summary judgment against the claims, the court discussed the reopening of prosecution generally and cited § 1207.04 in particular:

> Plaintiff has no right to an examination free from suspensions, new grounds for rejection, *or reopened prosecution*; plaintiff's right is merely to an examination of his patent applications. Simply put, the remedy for unreasonable delay under § 706(1) is action, not preferential treatment.
>
> Because the statutorily required action—examination of plaintiff's 80 patent applications in issue—is already actively underway, there is nothing for a court to compel. The absence of a remedy eliminates the need to determine whether past delays, if any, were unreasonable.

*Id.* at 785–86 & n.33 (citing 37 C.F.R. §§ 1.103(e), 41.39(a)(2); MPEP § 1207.04) (footnote omitted; emphasis added). Accordingly, the present claims are precluded.

Moreover, as noted by Judge George in the Previous Action, the courts of this District simply have no subject matter jurisdiction to determine Plaintiffs' claims. *See Pub. Util. Comm'r of Or. v. Bonneville Power Admin.*, 767 F.2d 622, 626 (9th Cir. 1985) (Kennedy, J.) (citing *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984)) ("[W]here a statute commits review of final agency action to the court of appeals, any suit seeking relief that might affect the court's future jurisdiction is subject to its exclusive review."). Because an order invalidating the reopening of prosecution under § 1207.04 would affect the jurisdiction of the PTAB to review the applications at issue and ultimately the jurisdiction of the U.S. District Court for the Eastern District of Virginia or the U.S. Court of Appeals for the Federal Circuit to further review the applications, *see* 35 U.S.C. §§ 144–45, the latter courts have exclusive jurisdiction over the present claims. The Court must therefore either dismiss the case for lack of subject matter jurisdiction or transfer it to one of those courts. The Court will not burden either of those courts with this likely precluded matter. If Plaintiffs wish to refile in one of those courts, they may do so on their own initiative.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 21) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment dismissing this action for lack of subject matter jurisdiction and close the case.

IT IS SO ORDERED.

DATED: This 17th day of February, 2017.

_____
ROBERT C. JONES
United States District Judge